IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03163-WJM-NYW

ANDREW TODD VANDERWAL,

 Plaintiff,

v.

KENDRA TRUJILLO,

 Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

 This matter comes before the court on Plaintiff's Motion for Default Judgment (the "Motion" or "Motion for Default Judgment"). [Doc. 36]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 12, 2022, [Doc. 28], and the Memorandum dated June 13, 2022. [Doc. 37]. Upon review of the Motion, the record before the court, and the applicable case law, the Motion for Default Judgment is hereby **DENIED without prejudice**, with leave to refile if and when it becomes procedurally proper to do so.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b), a magistrate judge may "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). "When a pretrial matter <u>not dispositive of a party's claim or defense</u> is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, <u>issue a written order</u> stating the decision." Fed. R. Civ. P. 72(a) (emphases added). Courts in this District have treated denials of motions for default judgment without prejudice as non-dispositive orders. *See, e.g.*, *Ward v. Lutheran Med. Ctr.*, No. 18-cv-00232-CMA-STV, 2019 WL 7630812, at *1 (D. Colo. June 26, 2019); *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2012 WL 2402839, at *2 (D. Colo. June 26, 2012). Because this court concludes that the Motion for Default Judgment is premature and should be denied without prejudice, the disposition of this Motion is not dispositive of

## BACKGROUND

Plaintiff Andrew Vanderwal ("Plaintiff" or "Mr. Vanderwal") initiated this civil action on November 22, 2021 by filing a pro se Prisoner Complaint. [Doc. 1]. Upon an order from the Honorable Gordon P. Gallagher, *see* [Doc. 6], Mr. Vanderwal filed an Amended Prisoner Complaint on January 14, 2022. [Doc. 10]. In that Amended Complaint, Plaintiff asserted two claims: a deliberate indifference claim against Kendra Trujillo ("Defendant" or "Ms. Trujillo") and a First Amendment claim against Linda Hollis and James Olsen. [*Id.* at 2-3]. Judge Gallagher recommended that Plaintiff's First Amendment Claim be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, but also recommended that the deliberate indifference claim be drawn to a presiding judge. *See* [Doc. 16 at 13]. Over Plaintiff's objections, *see* [Doc. 21], the Honorable Lewis T. Babcock accepted Judge Gallagher's Recommendation and dismissed Plaintiff's First Amendment Claim without prejudice. [Doc. 22 at 3]. As a result of Judge Babcock's Order, the only remaining defendant in this case is Ms. Trujillo.

This case was then directly assigned to the undersigned Magistrate Judge. *See* [*id.*]. This court set a preliminary Status Conference for July 20, 2022. [Doc. 23]. Because Mr. Vanderwal proceeds *in forma pauperis*, *see* [Doc. 5], service of process forms were submitted to the United States Marshals Service ("USMS") for service on Ms. Trujillo at the address provided for Ms. Trujillo in Plaintiff's Amended Complaint. [Doc. 25]. After Plaintiff declined to consent to Magistrate Judge jurisdiction, *see* [Doc. 26], the

---

any Party's claim or defense and the court proceeds by Order rather than by Recommendation.

case was reassigned to the Honorable William J. Martínez and referred to the undersigned. [Doc. 27; Doc. 28].

On June 3, 2022, Plaintiff filed a Motion for Status Request, requesting a status update in this matter. *See* [Doc. 32]. This court granted Plaintiff's request and advised him of the status of this case. *See* [Doc. 34]. In so doing, the court specifically advised Plaintiff that "[t]he United States Marshals Service has been provided service documents for Defendant, . . . but the docket does not reflect that Defendant has been served." [*Id.* at 1 (emphasis added)]. On June 8, 2022, the summons was returned unexecuted as to Ms. Trujillo, indicating that Ms. Trujillo "[n]o longer works at the Facility" where Plaintiff directed service. [Doc. 38 at 1]. Plaintiff the filed the instant Motion for Default Judgment on June 9, 2022. [Doc. 36]. Plaintiff asserts that Defendant "ha[s] failed to respond to the filed complaint and service of documents by the United States Marshal Service" and requests that the court "order default judgment against the defendant and in favor of the plaintiff." [*Id.* at 1-2].

## ANALYSIS

"Entry of a default judgment involves a two-step process." *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) (citing Fed. R. Civ. P. 55(a)-(b)). "If the defendant fails to timely respond to the complaint, the plaintiff can request entry of a default by the court clerk" under Rule 55(a) of the Federal Rules of Civil Procedure. *Id.*; *see also* Fed. R. Civ. P. 55(a) (providing that entry of default is appropriate against any party who "has failed to plead or otherwise defend" against an affirmative request for relief). "If the clerk enters a default, the plaintiff can [then] ask the court to grant a default judgment." *Meyers*, 581 F. App'x at 710 (emphasis added).

Here, Plaintiff has not completed step one of the process—i.e., he has not requested that the Clerk of Court enter a clerk's entry of default under Rule 55(a). Accordingly, Mr. Vanderwal's Motion is premature and must be denied without prejudice. *See Ward v. Lutheran Med. Ctr.*, No. 18-cv-00232-CMA-STV, 2019 WL 7630812, at *1 (D. Colo. June 26, 2019); *Meyers*, 581 F. App'x at 711 (explaining that the "entry of a default [is] necessary for the court to grant a default judgment" and without a clerk's entry of default, a court "[cannot] grant the proposed default judgment").

Additionally, the court notes that default and default judgment are appropriate *only if* the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). It thus follows that "default judgment cannot be entered against a defendant unless service of process is effected, or the defendant waives or accepts service." *Gonzales v. Sandoval Cnty. Det. Ctr. &/or Med. Dep't*, No. CIV 07-864 JB/KBM, 2008 WL 11451939, at *1 (D.N.M. Feb. 6, 2008). Indeed, entry of default against a defendant before she has been served and "before [she has] any obligation to file an answer" would be "incorrect as a matter of law." *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). Because Ms. Trujillo has not been served, *see* [Doc. 38], neither a clerk's entry of default nor a default judgment can be entered against her. Accordingly, the Motion for Default Judgment is respectfully **DENIED without prejudice** as premature. Mr. Vanderwal may file a renewed motion <u>if and when it becomes procedurally appropriate for him to do so</u>—i.e., after Ms. Trujillo has been served and, if Ms. Trujillo fails to plead or otherwise defend in this matter, after Plaintiff has successfully moved for a clerk's entry of default.

Furthermore, the court reminds Mr. Vanderwal that it is his "responsibility to provide the [USMS] with the address of the person to be served." *Fields v. Okla. State*

*Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). The USMS "is not charged with finding a defendant who has moved without providing an accessible forwarding address." *Id.*; *see also Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."). Accordingly, should Mr. Vanderwal intend to proceed in this lawsuit against Ms. Trujillo, it is his responsibility to provide an updated address for Ms. Trujillo at which she may be served.

Finally, Plaintiff is reminded that under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *cf.* D.C.COLO.LCivR 41.1 (providing for dismissal with or without prejudice for failure to comply with the Federal Rules of Civil Procedure). "Although inmate plaintiffs proceeding *pro se* face particular challenges in ensuring effective service, the requirements of Rule 4(m) apply to them as well." *Robledo-Valdez v. Aramark Corr. Servs., LLC*, No. 17-cv-02022-MSK-KLM, 2020 WL 5760460, at *3 (D. Colo. Sept. 28, 2020); *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020) ("[E]ven though Plaintiff is a *pro se* inmate, proceeding *in forma pauperis*, he must still comply with the same rules of procedure governing other litigants, including Rule 4.").

Although the Complaint was filed on November 22, 2021, [Doc. 1], this court calculates the Rule 4 service deadline at **July 21, 2022**—90 days from the date of Judge Babcock's Order permitting Plaintiff's deliberate indifference claim to proceed. *See* [Doc. 22]; *McGraw v. Gore*, 31 F.4th 844, 848 (4th Cir. 2022) (finding that the 90-day service

period was triggered by the authorization for the *in forma pauperis* action to proceed). The court acknowledges that Plaintiff has no control over the timing of service by the USMS; however, without a viable address for Defendant Trujillo, Ms. Trujillo cannot be served and this litigation cannot proceed. Accordingly, Plaintiff is hereby **ORDERED** to provide the court with an updated address for Ms. Trujillo on or before **July 21, 2022**. In turn, this court will **EXTEND** the deadline for service under Rule 4(m) to **August 22, 2022**. <u>Plaintiff is advised that failure to serve by this deadline may lead to a Recommendation of dismissal of this action without prejudice.</u>

In the interest of judicial economy and to permit sufficient time to determine whether Ms. Trujillo can be served and this case may proceed, the Status Conference set for July 20, 2022 is hereby **RESET** to **September 20, 2022** at **9:30 a.m.** in Courtroom A-502, 5th Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Plaintiff's case manager shall use the following dial-in information at the designated time to ensure that Plaintiff can participate in the Status Conference: **888-363-4749; Access Code: 5738976#**.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) The Motion for Default Judgment [Doc. 36] is **DENIED without prejudice** as premature;

(2) On or before **July 21, 2022**, Plaintiff **SHALL PROVIDE** the court with an updated address for Defendant Trujillo;

(3) The deadline to serve under Rule 4(m) is **EXTENDED** to **August 22, 2022**;

6

(4) The Status Conference currently set for July 20, 2022 is **RESET** to **September 20, 2022** at **9:30 a.m.** in Courtroom A-502, 5th Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. **Plaintiff's case manager shall use the following dial-in information at the designated time to ensure that Plaintiff can participate in the Status Conference: 888-363-4749; Access Code: 5738976#**; and

(5) A copy of this Order shall be sent to:

Andrew T. Vanderwal, #184114
Arkansas Valley Correctional Facility (AVCF)
12750 Highway 96 at Lane 13
Ordway, CO 81034

DATED: June 15, 2022

BY THE COURT:

_Nina Y. Wang_
Nina Y. Wang
United States Magistrate Judge

7