IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3163-WJM-KAS

ANDREW T. VANDERWAL,

    Plaintiff,

v.

KENDRA TRUJILLO,

    Defendant.

---

**ORDER ADOPTING APRIL 21, 2024
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on United States Magistrate Judge Kathryn A. Starnella's April 21, 2024 Report and Recommendation ("Recommendation") (ECF No. 146) that the Court: grant Defendant Kendra Trujillo's Motion for Summary Judgment (ECF No. 126) and dismiss *pro se* Plaintiff Andrew T. Vanderwal's Amended Complaint (ECF No. 10) without prejudice.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation.  (ECF No. 146 at 9.)  Plaintiff filed his Objection to the Magistrate Judge's Recommendation ("Objection") on May 9, 2024.  (ECF No. 152.)  For the following reasons, Plaintiff's Objection is overruled, and the Recommendation is adopted in its entirety.

## I. STANDARD OF REVIEW

**A.      Review of a *Pro Se* Plaintiff's Pleadings**

The Court must construe a *pro se* plaintiff's pleadings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

**B.      Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely

2

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**C.     Summary Judgment**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## II. BACKGROUND

The Magistrate Judge included detailed material facts and procedural history sections in the Recommendation, which the Court incorporates herein by reference. (ECF No. 146 at 1–4.)

## III. RECOMMENDATION

In the Recommendation, the Magistrate Judge explains that among other things, Defendant moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq*. (ECF No. 146 at 4.) She includes a thorough recitation of the legal requirements for exhaustion of administrative remedies, which the Court incorporates herein by reference. (*Id.* at 5–6.)

The Magistrate Judge describes the Colorado Department of Corrections' ("CDOC") three-step grievance process available to inmates under Administrative Regulation ("AR") 850-04. At each step, the inmate must complete and submit a grievance form, then wait a period of time to receive a response from a CDOC official. Filing a Step 3 grievance is the final step of the grievance process. Because this grievance process has three steps, an inmate who stops after filing a Step 1 or Step 2 grievance has not exhausted administrative remedies.

The Magistrate Judges notes that the record shows that Plaintiff is aware of the three-step grievance process, as he filed Step 1, Step 2, and Step 3 grievances relating to the $5.00 copay he was charged after receiving medical care. Although Plaintiff completed the grievance process concerning his copay, he "did not file any grievances that would put prison officials on notice about the claim against Defendant." (*Id.* at 7.)

4

The Magistrate Judge disagrees with Plaintiff's argument that "because this $5.00 copay arose from the same incident as Defendant's alleged failure to declare a medical emergency, his grievances sufficiently incorporated his claim." (*Id.*) She points out that Plaintiff's grievances did not name Defendant, nor did they take issue with any alleged failure to declare a medical emergency. (*Id.*) Simply because the grievances stemmed from the same incident as this case does not alone satisfy the PLRA's exhaustion requirement. (*Id.* (citing cases).) The Magistrate Judge reasons that to meet the exhaustion requirement, Plaintiff would have had to provide CDOC officials with sufficient information to allow them to investigate and address the complaints. (*Id.*) This, she concluded, he did not do. (*Id.*)

In addition, the Magistrate Judge addresses the fact that Plaintiff's grievances "suggest negligence by the CDOC, but only in the narrow context that the use of Oxivir was inappropriate and that library porters were not trained in its application." (*Id.* at 7–8.) She concludes that assuming *arguendo* that CDOC was negligent in its use of Oxivir and training of porters, such a claim would be entirely separate from Plaintiff's claim against Defendant. (*Id.* at 8.)

Next, the Magistrate Judge addresses Plaintiff's argument that CDOC officials tried to deny the existence of Incident Report #1310829 when they responded to his Step II grievance. (*Id.*) Even if Plaintiff's assertion were true, the Magistrate Judge concludes that the Incident Report does not support Plaintiff's claim that Defendant knowingly refused to declare a medical emergency on Plaintiff's behalf because the Step II grievance failed to mention Defendant or raise allegations against her. (*Id.*)

Finally, the Magistrate Judge determines that Plaintiff failed to demonstrate that

5

administrative remedies were unavailable to him.  Specifically, she emphasizes that he filled out an informal report and three steps of grievances related to his copay.  (*Id.* at 9.)  Such actions, she reasons, show that the process was available and that Plaintiff was familiar with the process.  (*Id.*)  Accordingly, she recommends that the Court find that Plaintiff failed to exhaust his administrative remedies as related to his claim against Defendant, grant Defendant's motion for summary judgment, and dismiss Plaintiff's claim without prejudice.

## IV. ANALYSIS

Plaintiff raises three objections to the Recommendation.  (ECF No. 152.)  The Court reviews Plaintiff's objections, which are specific and timely, *de novo*.

### A. Waiver

First, Plaintiff objects that Defendant waived her ability to assert his failure to exhaust administrative remedies by not pleading such a defense in her Answer.  (ECF No. 152 at 2–6.)  As a result of her pleading deficiency, he argues that he was not placed on notice that he could raise the defense.  (*Id.* at 4.)

In the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  Based on this Tenth Circuit authority, the Court overrules Plaintiff's first objection because the argument was not raised in his response to the motion for summary judgment.

Alternatively, even assuming Plaintiff had not waived his argument, it is now moot.  On June 6, 2024, Defendant filed a Motion for Leave to Amend Answer, in which

6

she requested leave to amend the answer to add the affirmative defense of exhaustion under the PLRA.  (ECF No. 157 at 1.)  Plaintiff filed no response to the Motion for Leave to Amend Answer, thus confessing the motion.  The undersigned referred the motion to the Magistrate Judge.  (ECF No. 160.)  On June 11, 2024, the Magistrate Judge issued a Minute Order stating:

> The Court finds that justice requires that Defendant be given leave to amend her answer to allege the affirmative defense of failure to exhaust.  The Court has no reason to doubt Defendant's assertion that it only learned of the oversight in its Answer [#59] when Plaintiff first raised the pleading issue in May 2024, and Defendant has acted promptly to address the oversight.  *See* Motion [#157], ¶ 5.  The Court does not find that Plaintiff would be unduly prejudiced by amendment—the parties fully briefed the substantive issue of exhaustion under the PLRA on summary judgment.[]  There has been no failure to cure deficiencies through prior amendments, and amendment to allege failure to exhaust would not be futile—in fact, the undersigned has found that the proffered affirmative defense should be successful.  Therefore, the Court finds that leave to amend should be granted under Fed. R. Civ. P. 15(a).
>
> Finally, Defendant's proposed amendment does not change the conclusions or analysis in the undersigned's Recommendation [#146] because both parties had a full opportunity to be heard on the exhaustion issue in briefing on summary judgment.

(ECF No. 161 at 2–3.)  Plaintiff did not file an objection to the Magistrate Judge's Minute Order under Rule 72(a).  Accordingly, the Court overrules Plaintiff's objection on the issue of Defendant's alleged waiver.

## B.     Relevant Areas of A.R. 850-04

Second, Plaintiff objects that Defendant and the Magistrate Judge "fail to assert the areas of A.R. 850-04 that [he] has not complied with."  (ECF No. 152 at 6.)  Plaintiff connects this argument to an objection to the Magistrate Judge's references to his

7

request for reimbursement of his $5.00 copay.  (*Id.*)  He explains that monetary damages are not available through the CDOC grievance process, and the PLRA does not require a prisoner who otherwise complies with the grievance process to add futile requests for a remedy that is unavailable.  (*Id.*)  Plaintiff further states that he "has yet to understand what the availing remedy of Trujillo's actions would be," and therefore, he "utilized the grievance process through common sense of what little redress was available to him outside of the issues that are not addressed by an [*sic*] through the CDOC."  (*Id.* at 7.)

      To the extent Plaintiff's objection is that he is not required to exhaust administrative remedies when he seeks monetary damages, Defendant points out that a case Plaintiff cites, *Booth v. Churner*, 532 U.S. 731, 741 (2001), contradicts this assertion.  *Booth* explains that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  *Id.*  In addition, Defendant emphasizes  that the Tenth Circuit has stated that "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available."  (ECF No. 158 at 5 (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Booth*, 532 U.S. at 740)).)  "Remedies are unavailable if prison officials are 'unable or consistently unwilling to provide any relief,' if 'no ordinary prisoner can make sense of what [the grievance process] demands' or if 'administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Campbell v. Jones*, 684 F. App'x 750, 753 (10th Cir. 2017) (quoting *Ross v. Blake*, 578 U.S. 632, 643–44 (2016)).

The Court agrees with Defendant's assertion that Plaintiff has not shown that remedies were unavailable to him in the manner contemplated by the Tenth Circuit. The record shows that Plaintiff successfully navigated the CDOC grievance process, regardless of whether the outcome was the one he desired. Accordingly, the Court overrules this objection.

**C.     Whether Plaintiff's Grievances Put CDOC on Notice**

Finally, Plaintiff objects to the Magistrate Judge's conclusion that he did not file a grievance that would put CDOC officials on notice of the claim against Defendant. (ECF No. 152 at 8.) He criticizes the officials responsible for him and rhetorically asks, "Who allowed Vanderwal to return to his cell after he expirienced [*sic*] the described symptoms?" (*Id.* at 10.) He concludes that the circumstances of the situation, in which he was an inmate in custody where his movement was controlled, "clearly brings into question the actions of Trujillo during the incident, thereby naming her." (*Id.*) He infers that because Defendant was "implicated throughout the grievnaces [*sic*] not only by direct reference but also as the sole official responsible for [his] chemical exposure and the declaration of medical care." (*Id.*) As a result, he argues that his grievances show that he did "in fact address the situation surrounding the declaration for a medical emergency and [Defendant's] direct involvement in the incident." (*Id.*)

Despite Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that the grievances Plaintiff submitted lack the level of detail which would have put CDOC on notice of a claim against Defendant. His grievances did not name Defendant. Nor did they raise any claim or issue regarding her alleged failure to declare a medical emergency. (ECF No. 126-3 at 1–3.) Plaintiff's objections would require CDOC officials to infer too much to support his argument that his grievances were

9

sufficiently detailed.  Accordingly, the Court overrules this objection as well.

## V. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 158) is OVERRULED;

2. The Recommendation (ECF No. 146) is ADOPTED in its entirety;

3. Defendant's Motion for Summary Judgment (ECF No. 126) is GRANTED; and

4. Plaintiff's Amended Complaint (ECF No. 10) is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies;

5. The Clerk shall enter judgment in favor of Defendant Kendra Trujillo and against Plaintiff Andrew T. Vanderwal;

6. The parties shall bear their own attorney's fees and costs;  and

7. The Clerk shall terminate this action.

Dated this 5th day of September, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge